# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON THORNTON,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MORA, et al.,<br><br>　　　　Respondents. | Case No.: 1:13-cv-00019-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is apparently awaiting the resolution of criminal proceedings in state court, filed the instant petition on January 4, 2013, challenging material errors in a report on Petitioner's criminal record used by the Fresno County Superior Court. (Doc. 1).

## **PROCEDURAL HISTORY**

A.　Procedural Grounds for Summary Dismissal.

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

1

1  or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed
2  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such
3  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

4      B.  Exhaustion of Remedies.

5      A petitioner who is in state custody and wishes to collaterally challenge his conviction by a
6  petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The
7  exhaustion doctrine is based on comity to the state court and gives the state court the initial
8  opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.
9  722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th
10 Cir. 1988).

11     A petitioner can satisfy the exhaustion requirement by providing the highest state court with a
12 full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.
13 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88
14 F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme
15 Court.  A federal court will find that the highest state court was given a full and fair opportunity to
16 hear a claim if the petitioner has presented the highest state court with the claim's factual and legal
17 basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,
18 1719 (1992) (factual basis).

19     Additionally, the petitioner must have specifically told the state court that he was raising a
20 federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th
21 Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);
22 Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

23     Here, Petitioner does not allege that he has presented any of his claims to the California
24 Supreme Court.  Rather, he indicates only that he has filed a state habeas petition in the Fresno County
25 Superior Court.  This is insufficient to fully exhaust his claims in state court.  In his amended petition,
26 Petitioner **must** provide evidence that he has presented **all of his claims** to the California Supreme
27 Court.  If he cannot do so, the Court will be required to dismiss this petition for lack of exhaustion.
28 ///

C. <u>Failure to Name A Proper Respondent</u>.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2 (a) of the Rules Governing § 2254 Cases; <u>Ortiz-Sandoval v. Gomez</u>, 81 F.3d 891, 894 (9th Cir. 1996); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992); <u>see</u> <u>also</u>, <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994). However, the chief officer in charge of state penal institutions is also appropriate. <u>Ortiz</u>, 81 F.3d at 894; <u>Stanley</u>, 21 F.3d at 360. Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. <u>Id</u>.

Here, Petitioner has named "Mora" and "Richard" as Respondents. However, it does not appear that either "Mora" or "Richard" is the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner. Petitioner is presently confined at the Fresno County Jail. Petitioner should name as Respondent the Fresno County Sheriff or the Warden of the Fresno County Jail if it is someone other than the Sheriff.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. <u>Stanley</u>, 21 F.3d at 360; <u>Olson v. California Adult Auth.</u>, 423 F.2d 1326, 1326 (9th Cir. 1970); <u>see also</u>, <u>Billiteri v. United States Bd. Of Parole</u>, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**. See <u>West v. Louisiana</u>, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); <u>Ashley v. State of Washington</u>, 394 F.2d 125 (9th Cir. 1968) (same). In any amended petition, Petitioner must name a proper respondent.

///

///

D.  Lack of Habeas Corpus Jurisdiction.

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States. See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

Here, Petitioner's factual allegations are not entirely clear.  However, it appears that he is presently in custody of the State of California and incarcerated in the Fresno County Jail pending resolution of a criminal case in the Fresno County Superior Court, District Attorney No. 2012F31357, on charges of carrying a concealed dirk or dagger and disobeying a court order.  (Doc. 1, p. 2). Petitioner indicates that the "date convicted or committed" was October 8, 2012.  (Id.).  However, on the following line in the form petition, Petitioner indicates that he is "awaiting trial."  Thus, it is not clear whether Petitioner has already been convicted of the charges but not yet sentenced, or whether he is awaiting trial on the substantive charges themselves.  However, either way, Petitioner cannot, at this point, invoke the habeas jurisdiction of this Court since this Court's jurisdiction is limited to reviewing a state inmate's conviction and sentence once the federal claims he wishes to bring have been fully exhausted in state court by presenting them to the California Supreme Court.  Obviously, if Petitioner is either awaiting trial or awaiting sentencing, there is no state court adjudication, i.e., a final conviction and sentence after direct review has concluded, for this Court to review and, hence, habeas

jurisdiction does not exist.  **Petitioner must first be convicted and sentenced and then exhaust all of his claims in state court.  Only at that point may he invoke this Court's habeas jurisdiction**.[1]

For all of the foregoing reasons, the instant petition in deficient.  Petitioner will be required to file an amended petition that corrects the deficiencies noted above.  If Petitioner is unable to file a sufficient amended petition, the Court cannot proceed with this case and will be required to dismiss the amended petition for the reasons set forth above.

**ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED** with leave to amend. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order.  The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **January 9, 2013**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

---

[1] However, if Petitioner is not challenging a conviction and sentence but is instead challenging conditions of confinement in the Fresno County Jail, he can file a civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner cannot proceed with civil rights claims under a habeas corpus petition pursuant to 28 U.S.C. § 2254.