**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AARON THORNTON, | ) Case No.: 1:13-cv-00019-AWI-JLT |
|         Petitioner, | )<br>) FINDINGS AND RECOMMENDATIONS TO |
|     v. | ) DISMISS THE FIRST AMENDED PETITION FOR<br>) LACK OF EXHAUSTION |
| MORA, et al., | )<br>) ORDER DIRECTING THAT OBJECTIONS BE |
|         Respondents. | ) FILED WITHIN TWENTY DAYS<br>) |
| | )<br>) |

Petitioner is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner, who is presently confined in the Fresno County Jail, apparently awaiting the resolution of unspecified criminal proceedings against him, filed the instant petition on January 4, 2013, alleging material misrepresentations of fact by jail employees.[1]  (Doc. 1).  On January 10, 2013, after conducting a preliminary screening of the petition, the Court issued an order requiring Petitioner

---

[1] In case no. 1:13-cv-00018-LJO-MJS, a separate petition has been filed on the same date as the original petition in this case, and containing essentially the same claims as are raised in the first amended petition herein, but different from those in the original petition in this case.

1

1   to file an amended petition because (1) Petitioner had not established that he has exhausted his claims

2   in state court; (2) he failed to name a proper respondent, thus depriving the Court of jurisdiction; and

3   (3) his claims failed to allege cognizable federal habeas claims.   (Doc. 4).   The order of January 10,

4   2012 gave Petitioner thirty days within which to file an amended petition.  On January 16, 2013,

5   Petitioner filed the instant first amended petition. (Doc. 7).  In his amended petition, Petitioner raises

6   an entirely new set of claims apparently unrelated to those in the original petition.  However, because

7   the amended petition suffers from the same deficiencies as the original petition and because it does not

8   appear that Petitioner can remedy these deficiencies through additional pleading, the Court will

9   recommend dismissal of the amended petition.

10   **DISCUSSION**

11   A.   Procedural Grounds for Summary Dismissal.

12   Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

13   If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled
to relief in the district court, the judge must dismiss the petition and direct the clerk to notify
14   the petitioner.

15   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

16   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss,

17   or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed

18   without leave to amend unless it appears that no tenable claim for relief can be pleaded were such

19   leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

20   B.   Exhaustion of Remedies.

21   A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

22   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

23   exhaustion doctrine is based on comity to the state court and gives the state court the initial

24   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S.

25   722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982);  Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

26   Cir. 1988).

27   A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

28   2

1    full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v.

2    Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

3    F.3d 828, 829 (9th Cir. 1996).  In this instance, the highest state court would be the California Supreme

4    Court.  A federal court will find that the highest state court was given a full and fair opportunity to

5    hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

6    basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715,

7    1719 (1992) (factual basis).

8            Additionally, the petitioner must have specifically told the state court that he was raising a

9    federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th

10   Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999);

11   Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).

12           Here, in his amended petition, Petitioner does not allege that he has presented any of his claims

13   to the California Supreme Court.  Indeed, he does not indicate that he has presented his claims to any

14   state court for either direct or collateral review.  Further, it is not even clear that there is a judgment or

15   state adjudication that could be reviewed since Petitioner also alleges that he is "awaiting trial."  (Doc.

16   7, p. 2).  In his original petition, Petitioner indicated that he filed a state habeas petition in the Fresno

17   County Superior Court regarding his claim of material misrepresentations of fact.  However, in the

18   amended petition relating to the restraining orders against Petitioner, he does not even make this

19   allegation.  In fact, he indicates on the form petition that he has not filed any "petitions, applications,

20   or motions" other than a direct appeal.  (Doc. 7, p. 2).

21           From the foregoing, it is apparent that Petitioner has not only failed to exhaust his claims in

22   state court by presenting them to the California Supreme Court, but that he is not presently subject to

23   any state adjudication from which he could seek collateral review in this Court.  The Court cannot

24   consider a petition that is entirely unexhausted.  Rose v. Lundy, 455 U.S. 509, 521-22 (1982);

25   Calderon, 107 F.3d at 760.  Accordingly, the Court recommends that the amended petition be

26   dismissed for lack of exhaustion.

27           C.  Failure to Name A Proper Respondent.

28                                                    3

1    A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer

2  having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254

3  Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme

4  Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated

5  petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has

6  "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.

7  1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the

8  chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21

9  F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or

10  parole officer and the official in charge of the parole or probation agency or state correctional agency.

11  Id.

12    Here, the original petition named "Mora" and "Richard" as Respondents.  However, since it

13  did not appear that either "Mora" or "Richard" was the warden or chief officer of the institution where

14  Petitioner was confined and, thus, did not have day-to-day control over Petitioner, the Court explained

15  to Petitioner that he should name as Respondent the Sheriff of Fresno County or the Warden of the

16  Fresno County Jail, if the latter is someone other than the Sheriff, in any amended petition because,

17  without a proper respondent, the Court lacks jurisdiction.  Notwithstanding the Court's admonitions, in

18  his amended petition, Petitioner now names as respondent "Mora" and the governor of California,

19  Jerry Brown.  Neither individual is the person having day-to-day control over Petitioner at the Fresno

20  County Jail.

21    Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

22  lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326

23  (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976).

24    D.  Lack of Habeas Corpus Jurisdiction.

25    The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of

26  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he

27  is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states that the federal courts shall

28                                           4

1    entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in custody in

2    violation of the Constitution or laws or treaties of the United States. <u>See also</u>, Rule 1 to the Rules

3    Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that

4    "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."

5    <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973). Furthermore, in order to succeed in a petition pursuant

6    to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

7    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

8    established Federal law, as determined by the Supreme Court of the United States; or resulted in a

9    decision that was based on an unreasonable determination of the facts in light of the evidence

10   presented in the State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

11          Here, Petitioner's factual allegations are not entirely clear.  However, it appears that he is

12   presently in custody of local law enforcement authorities in Fresno County and confined at the Fresno

13   County Jail pending resolution of allegations that Petitioner violated one or more restraining orders

14   issued by the state court to protect one Michelle Lee Robinson from Petitioner.  (Doc. 7, p. 4).

15   Petitioner makes a confusing argument about why the restraining order (or orders) should not apply to

16   him.  It does not appear that the matter has yet been brought to trial or any legal resolution short of a

17   trial.

18          Given the foregoing, it is clear that Petitioner does not allege a violation of the Constitution or

19   federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.

20   Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that

21   was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or

22   resulted in a decision that was based on an unreasonable determination of the facts . . . ." 28 U.S.C. §

23   2254.  Instead, Petitioner raises only state law claims, and, generally, issues of state law are not

24   cognizable on federal habeas review.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991)("We have stated

25   many times that 'federal habeas corpus relief does not lie for errors of state law.'"), *quoting* <u>Lewis v.</u>

26   <u>Jeffers</u>, 497 U.S. 764, 780 (1990); <u>Gilmore v. Taylor</u>, 508 U.S. 333, 348-349 (1993)(O'Connor, J.,

27   concurring)("mere error of state law, one that does not rise to the level of a constitutional violation,

28                                                        5

1   may not be corrected on federal habeas").   Moreover, "[c]onclusory allegations which are not

2   supported by a statement of specific facts do not warrant habeas relief." James v. Borg, 24 F.3d 20, 29

3   (9th Cir.1994).   Thus, Petitioner has failed to allege cognizable federal habeas claims in his amended

4   pleading.

5        For all of the foregoing reasons, the instant petition is deficient and should be dismissed.

6                                    **RECOMMENDATIONS**

7        For the foregoing reasons, the Court **HERERBY RECOMMENDS** that the amended petition

8   for writ of habeas corpus (Doc. 7), be **DISMISSED** for lack of exhaustion, for lack of jurisdiction, and

9   for failure to allege a claim upon which habeas relief can be granted.

10        This Findings and Recommendation is submitted to the United States District Court Judge

11   assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local

12   Rules of Practice for the United States District Court, Eastern District of California.  Within twenty

13   (20) days after being served with a copy of this Findings and Recommendation, any party may file

14   written objections with the Court and serve a copy on all parties.  Such a document should be

15   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

16   Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after

17   service of the Objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28

18   U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time

19   may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

20   1991).

21

22

23   IT IS SO ORDERED.

24     Dated:   __**January 22, 2013**__       __**/s/ Jennifer L. Thurston**__

25                                   UNITED STATES MAGISTRATE JUDGE

26

27

28                                            6